UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO SOSA,
                      Plaintiff,          16-CR-613 (JPO)

        -v-          19-CV-9225 (JPO)

UNITED STATES OF AMERICA,          ORDER
                      Defendant.

J. PAUL OETKEN, District Judge:

    On October 1, 2019, Plaintiff Pedro Sosa brought this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkt. No. 1.) On December 7, 2019, the Government filed its response. (Dkt. No. 6.) On January 21, 2020, this Court warned Sosa that if he failed to file a reply to the Government's response by February 11, 2020, the motion would be considered fully briefed. (Dkt. No. 7.) Sosa has not filed a reply to date. Therefore, the motion shall be considered fully briefed and ripe for this Court's consideration.

    On January 18, 2019, Sosa was sentenced to 48 months' imprisonment after he pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. At his sentencing, this Court adopted the guidelines calculation as set forth in the Presentence Investigation Report. As part of that calculation, his offense level was increased by five levels pursuant to U.S.S.G. § 2B3.1(b)(2)(C) because a firearm was possessed during the course of the offense conduct. Sosa argues that this enhancement was unconstitutional because conspiracy to commit Hobbs Act robbery is not a "crime of violence," after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

    However, *Davis* is plainly inapplicable to Sosa's case. Section 924(c) "authorize[d] heightened criminal penalties for using or carrying a firearm 'in furtherance of' any federal

1

'crime of violence.'" *Id.* at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)).  The so-called "residual clause," 18 U.S.C. § 924(c)(3)(B), supplied the definition of a "crime of violence" under the statutory scheme.  *See id.*  The Supreme Court held that the definition of a "crime of violence" under the residual clause was unconstitutionally vague.  *See* 139 S. Ct. at 2336.

However, Sosa was not convicted of a violation of § 924(c).  And his five-level sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C) applies any time "a firearm is brandished or possessed" during a robbery.  Indeed, the section does not mention the term "crime of violence," and the sentencing enhancement did not depend on the unconstitutionally vague statute voided by the Supreme Court in *Davis*.

Because *Davis* has no bearing on this case, Sosa's motion pursuant to § 2255 is DENIED.  The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

The Government is directed to mail this order to Plaintiff and file proof of service on the docket.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 11, 2020
  New York, New York

_____
J. PAUL OETKEN
United States District Judge